IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:10-CR-213-CSC |
| | ) | |
| CALVIN FLOWERS | ) | |

**ORDER**

Now pending before the Court is defendant's *Unopposed Motion to Continue Trial* (doc. #13) filed February 15, 2011. Upon consideration of the motion, the court concludes that the motion should be granted.

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). *See also United States v. Davenport*, 935 F.2d 1223, 1229 (11th Cir. 1991). The court also must consider "whether

the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Counsel has informed the court that based on his observations of Mr. Flowers and difficulty in communicating with Mr. Flowers, counsel believes that Mr. Flowers may not be able to "appreciate the nature and quality of his acts. Additionally, counsel for Mr. Flowers believes that Mr. Flowers may lack "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or 'a rational as well as a factual understanding of the proceedings against him. Therefore, counsel for Mr. Flowers has contacted a psychiatrist to conduct a psychiatric exam on Mr Flowers.  Due to the psychiatric examination to determine Mr. Flowers's mental competency, additional time is needed to review the psychiatrist's report and conduct any hearings. Additional time is also needed to allow defense counsel adequate time to get Mr. Flowers assistance in his own defense, effectively advise Mr. Flowers as to the substantial charges against him and the appropriate case strategy, and advise Mr. Flowers of the potential penalty to his understanding.  The Government has no objection to a continuance.

For these reasons, the court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and it is

**ORDERED** that the motion for a continuance is due to be and is hereby **GRANTED**. It is further **ORDERED** that this case be and is hereby continued for jury selection on and trial during the term beginning in Dothan, Alabama on **May 16, 2011, at**

**10:00 a.m.** It is further

ORDERED that this case be and is hereby set for a pretrial conference on **March 25, 2011 at 1:00 p.m.** in **Courtroom 4-B** before the undersigned Magistrate Judge.

Done this 16th day of February, 2011.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE